UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TYREESE FAUST,

      Petitioner,

v.                                 Case No.  4:16cv594/WS/CJK

JULIE JONES,

      Respondent.
_____/

## ORDER and
## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 7). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 18). Petitioner has not responded.[1] The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned

---

[1] Petitioner's response deadline expired September 28, 2017. (*See* Doc. 21).

further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of first degree murder (Count I), attempted robbery (Count II) and burglary of a dwelling with assault by firearm (Count III) in Leon County Circuit Court Case No. 09-CF-1709. (Doc. 18, Ex. B2, pp. 313-16).[2] Petitioner was sentenced to concurrent terms of life in prison on Counts I and III, and to a concurrent term of 5 years in prison on Count II. (Ex. B2, pp. 317-27). The Florida First District Court of Appeal (First DCA) affirmed the judgment on September 8, 2011, per curiam without opinion. *Faust v. State*, 69 So. 3d 280 (Fla. 1st DCA 2011) (Table) (copy at Ex. F).

On December 5, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, (Ex. H, pp. 1-26), which he later supplemented. (Ex. H, pp. 27-64), and amended (Ex. H, pp. 67-71). The state circuit court denied relief. (Ex. H, pp. 82-90). The First DCA affirmed per curiam

---

[2] All references to exhibits are to those provided at Doc. 18. When a particular page of an exhibit bears more than one page number, the court cites the number appearing at the bottom right of the page.

without opinion. *Faust v. State*, 197 So. 3d 45 (Fla. 1st DCA 2016) (Table) (copy at Ex. L). The mandate issued August 23, 2016. (Ex. M).

Petitioner filed his original federal habeas petition on September 20, 2016, (doc. 1), which he later amended (doc. 7). Respondent asserts the petition is time-barred. (Doc. 18).

TIMELINESS OF PETITION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *See Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending".  28 U.S.C. § 2244(d)(2).

Petitioner does not assert that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final.  Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final.  *See* 28 U.S.C. § 2244(d)(1).

Petitioner's judgment of conviction was affirmed on direct appeal on September 8, 2011.  Accordingly, petitioner's conviction became "final" for purposes of § 2244(d), on December 7, 2011, when the ninety-day period for seeking

certiorari from the United States Supreme Court expired.[3]  *See* 28 U.S.C. §
2244(d)(1); *Bond v. Moor*e, 309 F.3d 770, 773 (11th Cir. 2002) (holding that the
statute of limitations under § 2244(d) did not begin to run until the 90-day window
for filing a certiorari petition with the United States Supreme Court expired).  The
limitations period began to run one day later on December 8, 2011, and expired one
year later on December 8, 2012, absent tolling.  *See San Martin v. McNeil*, 633 F.3d
1257, 1266 (11th Cir. 2011) (holding that Federal Rule of Civil Procedure 6(a)(1)
applies to calculation of the AEDPA's one-year limitations period; thus, the
limitations period begins to run from the day after the day of the event that triggers
the period); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that
the limitations period should be calculated according to the "anniversary method,"
under which the limitations period expires on the one-year anniversary of the date it
began to run).

    Petitioner filed his original Rule 3.850 motion on December 5, 2012, with
only 3 days remaining on his federal habeas limitations clock.  Petitioner's Rule
3.850 motion was pending and tolled the limitations period until August 23, 2016,

---

[3] The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari
seeking review of a decision of a state appellate court runs from the date of the state court's
opinion, not the date of the mandate.  *See* Sup. Ct. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't
of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

when the First DCA issued its mandate affirming the denial of postconviction relief. The statute of limitations began running again on August 24, 2016, and expired 3 days later on August 29, 2016.[4]

Petitioner's federal habeas petition, filed on September 20, 2016, is untimely. Petitioner does not assert he is entitled to equitable tolling or any exception to the limitations bar. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* 28 U.S.C. § 2254 Rule 11(b).

---

[4] August 27, 2016, was a Saturday.

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to

this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is ORDERED:

The clerk shall mail a copy of this Report and Recommendation to petitioner at his address of record and to the address provided on the Florida Department of Corrections' Offender Network: Okeechobee Correctional Institution, 3420 N.E. 168th Street, Okeechobee, Florida 34972-4824.

And it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 18) be GRANTED.

2. That the amended petition for writ of habeas corpus (doc. 7), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Tyreese Faust*, Leon County Circuit Court Case No. 09-CF-1709, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 11th day of December, 2017.

*/s/ Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.